UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KRISTINA THOMPSON,

    Plaintiff,

vs.

VILLAGE OF PHILLIPSBURG, *et al.*,

    Defendants.

Case No. 3:18-cv-214

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

### REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' FIRST MOTION TO DISMISS DIRECTED TO THE NOW SUPERSEDED ORIGINAL COMPLAINT (DOC. 9) BE DENIED AS MOOT
_____

    This civil case is before the Court on the first motion to dismiss filed by Defendants the Village of Phillipsburg and Chief of Police Mark Wysong. Doc. 9. In that motion, Defendants seek dismissal of the second and third causes of action set forth in Plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. at PageID 52. Following the filing of Defendants' first motion to dismiss, Plaintiff moved to amend the complaint and, without objection, such motion was granted by the undersigned. Docs. 29, 33. As a result, the amended complaint superseded the original and the original complaint is now a nullity as a matter of law. *See Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008). Because Defendants' motion to dismiss is directed to Plaintiffs' original complaint, the undersigned **RECOMMENDS** that Defendants' first motion to dismiss (doc. 9) be **DENIED AS MOOT**. *See Laning v. Doyle*, No. 3:14–cv–24, 2014 WL 2805240, at *1–2 (S.D. Ohio June 20, 2014). Defendants' second motion to dismiss (doc. 36) -- which is directed to Plaintiff's recently filed amended complaint (doc. 35) -- shall remain pending for decision by the Court.

Date:   April 30, 2019  

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).