UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KRISTINA THOMPSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF PHILLIPSBURG, et al. )<br>)<br>Defendants. )<br>)<br>)<br>) | Case Number: 3:18-cv-00214-TMR<br><br>Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEFENDANTS VILLAGE OF PHILLIPSBURG AND CHIEF OF POLICE MARK WYSONG'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Village of Phillipsburg ("the Village") and Chief of Police Mark Wysong ("Wysong") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Reply in Further Support of their Motion to Dismiss Plaintiff's First Amended Complaint.

### A. Plaintiff Has Not Stated a Claim for Inadequate Screening

In support of her inadequate screening claim, Plaintiff argues that "Officer Sanderson's employment record reveals multiple incidents of sexual misconduct, unreasonable searches and seizures, excessive force, and unauthorized police conduct regarding prostitution, which occurred over the approximately three years immediately prior to Chief Wysong and the Village hiring Officer Sanderson." ECF Doc. 41, PAGEID # 272. As pled, such "misconduct" included viewing pornographic websites while on duty, leaving his post on multiple occasions, allowing a male to

enter the female housing unit, asking fellow recruits about sexual activities, displaying a picture of his genitals to members of the nursing staff at a hospital and speaking with a prostitute while on duty. (ECF Doc. 35 at ¶ 43, PAGE ID # 219-220; ECF Do. 41, PAGE ID # 272-273). If Plaintiff is aware of a single alleged constitutional violation committed by Sanderson prior to his employment with the Village, she failed to state it in her First Amended Complaint.

Courts within this Circuit and across the country have held that pleading the mere existence of some prior misconduct is insufficient. *See Sweat v. Butler*, 90 F.Supp.3d 773, 783 (W.D. Tenn. 2015); *see also Wilson v. Trumbull County Dept. of Job and Family Services*, No. 4:12 CV 02163, 2013 WL 5820276, at *12 (N.D. Ohio Oct. 29, 2013) (dismissing inadequate screening claims because "Plaintiffs ple[d] no factual allegations suggesting that, in hiring and retaining Defendants[], the County was deliberately indifferent to the risk that they would violate Plaintiffs' constitutional rights."); *Hicks v. Camden County*, No. 16-3436 (JBS/JS), 2017 WL 68620, at *4 (D.N.J. Jan. 6, 2017) (dismissing inadequate screening claim because "Plaintiff identifie[d] nothing in Officer Tucker's background that should have led Defendants to conclude that he would deprive a citizen of constitutional rights."); *Johnson v. Metropolitan Government of Nashville and Davidson County*, No. 3:10-0589, 2010 WL 3619790, at *3 (M.D. Tenn. Sept. 13, 2010) (There is no factual underpinning from which a conclusion plausibly could be drawn that there was anything in the backgrounds of these police officers to alert Metro that hiring them would result in the deprivation of a citizen's constitutional rights, and that Metro was deliberately indifferent to the risk posed.").

While Sanderson's prior work history may very well reflect his "immaturity and irresponsibility," nothing in Sanderson's background would make Wysong or the Village conclude "that the plainly obvious consequence of the decision to hire [Sanderson] would be the deprivation

of a third party's federally protected right[s][.]" *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 411 (1997).  Plaintiff's inadequate screening must be dismissed.

> **B.  Plaintiff's Argument that Chief Wysong Had Constructive Notice of Sanderson's Alleged Sexual Assaults That Predated June 28, 2017 is Flawed**

To support her failure to supervise and discipline claims[1], Plaintiff points to similar alleged incidents (raised for the first time in her amended complaint) involving Sanderson that occurred weeks before the alleged June 28, 2017 incident with Plaintiff.  *See* ECF Doc. 35, ¶¶ 26-31; ECF Doc. 41 at PAGE ID # 275-276.  Plaintiff does not assert (nor could she) that Wysong or the Village had actual notice of the alleged incidents.  Instead, Plaintiff asserts that "Chief Wysong had constructive knowledge of these [constitutional] violations because Chief Wysong should have known through supervising Officer Sanderson that he had committed these constitutional violations."  ECF Doc. 41, PAGEID #276.  Plaintiff's circular argument is flawed.  Unreported constitutional violations allegedly committed by Sanderson in the weeks before June 28, 2017 do not equate to constructive notice to Wysong or the Village.  *See D'Ambrosio v. Marino*, 747 F.3d 378, 388 (6th Cir. 2014) ("Until the county had notice of persistent misconduct, it did not have 'the opportunity to conform to constitutional dictates,' nor could its inaction have caused the deprivation of D'Ambrosio's constitutional rights.") (internal quotations omitted); *Harris v. Goins*, 156 F.Supp.3d 857, 864 (E.D. Ky. 2015) (dismissing custom-of-inaction theory and stating "Even if the allegations in the Complaint were sufficient to show a clear and persistent office-wide pattern of unconstitutional activity, the links between UNITE and the individual defendants are far too attenuated to support an allegation that UNITE had actual or constructive notice of the illegal conduct and tacitly approved of it.").

---

[1] Plaintiff has abandoned her failure to train claim against the Village.

Indeed, accepting Plaintiff's argument would be tantamount to dispensing of the notice element of § 1983 claims predicated upon a failure to supervise or discipline theory. *See Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. Of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996); *Pecsi v. City of Niles*, 674 Fed.Appx. 544, 547 (6th Cir. 2017). Plaintiff's failure to supervise and discipline claims must be dismissed.

### C. Plaintiff Fails to State a Supervisory Liability Claim Against Wysong

It is not disputed that Wysong was not present at the hotel on June 28, 2017 and had no involvement in the acts alleged to have deprived Plaintiff of her constitutional rights. *See generally* ECF Doc. 35). Plaintiff instead argues that "Chief Wysong at least implicitly authorized, approved, or knowingly acquiesced in Officer Sanderson's conduct at issue because Chief Wysong knew of Officer Sanderson's prior misconduct, yet failed to supervise, discipline, or train him to address the conduct, and the prior misconduct was related to the conduct at issue." ECF Doc. 41, PAGEID # 280.[2]

In doing so, Plaintiff ignores that "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional right of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016); *see also Munson v. Bryan*, No. 3:15-cv-0078, 2015 WL 4112429, *6 (M.D. Tenn. July 8, 2015) (dismissing supervisory liability claim because "Any attempt to hold a county official liable under § 1983 for the conduct of an employee based on the supervisor's role in policymaking or employee training must be treated as an action against the supervisor not in his or her individual capacity, but in his or her official capacity, or an action against the county.") (internal citation omitted). Further, "[a] supervisory

---

[2] In asking for leave to file her First Amended Complaint, Plaintiff represented to this Court that she was abandoning her § 1983 claims for failure to train. *See* ECF Doc. 18 at PAGE ID# 107. Now, Plaintiff explicitly argues that Wysong is liable under a supervisory liability theory predicated on Wysong's failure to train Sanderson. *See* ECF Doc. 41, PAGE ID# 281-282.

official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006) (internal citations and quotations omitted); *see also Jones v. Cincinnati*, No. 1:04-CV-616, 2006 WL 2987820, at *13 (S.D. Ohio Oct. 17, 2006) ("Supervisory liability would attach for the acts of the officers if the sergeants did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.") (internal marks omitted).

Because Plaintiff does not allege facts to support her argument that Wysong encouraged Sanderson's alleged misconduct or actively participated in it, Wysong is entitled to qualified immunity and the claims against Wysong in his individual capacity must be dismissed. *See McQueen*, 433 F.3d at 470; *Peatross*, 818 F.3d at 241; *Denkins v. Mohr*, No. 2:13-CV-00584, 2014 WL 4272823, at *3 (S.D. Ohio Aug. 29, 2014) (dismissing supervisory liability claims); *King v. City of Columbus, Ohio*, No. 2:18-cv-1060, 2019 WL 1508279, at *3 (S.D. Ohio April 5, 2019) ("First, King merely alleges that Chief Jacobs failed to act. Second, King's attempt to hold Chief Jacobs liable in her individual capacity for her alleged failure to adequately train, supervise, and discipline Officer Mason and other Columbus police officers or for her adherence to or continuation of policies that caused Tyre King's death 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.' *** King has not alleged any specific actions of Chief Jacobs. Therefore, the Court dismisses King's individual-capacity claims against Chief Jacobs.") (internal quotation omitted); *Virgil v. City of Newport*, No. 16-224-DLB-CJS, 2018 WL 344986, at *12 (E.D. Ky. Jan. 9, 2018) (dismissing supervisory-liability claim and stating, "Although Virgil claims that the supervisor-defendants' failure to train and supervise encouraged and/or permitted the alleged constitutional violations, such indirect and passive

conduct is insufficient.") (internal marks omitted); *Bradford v. Bracken County*, No. 09-115-DLB, 2010 WL 11520681, at *5 (E.D. Ky. Feb. 1, 2010) (granting motion to dismiss because "Plaintiffs have failed to state a claim under § 1983 for supervisory liability because they neglected to allege facts demonstrating the Defendants [] specifically 'encouraged' or 'directly participated' in the events leading to Bradford's death.").

Respectfully submitted,

/s/ James H. Gordon
James H. Gordon – Trial Attorney (0068454)
Jeremy R. Kopp (0090577)
**ANSA ASSUNCAO LLP**
Two Miranova Place, Suite 300
Columbus, OH 43215
Telephone:  614-441-8682/4095
Facsimile:  614-441-4471
james.gordon@ansalaw.com
jeremy.kopp@ansalaw.com
*Counsel for Village of Phillipsburg and Chief of Police Mark Wysong*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May 2019, the foregoing was served via the CM/ECF filing and U.S. mail upon the following:

Kenneth J. Ignozzi, Esquire
131 N. Ludlow St., Suite 1400
Dayton, Ohio 45402
*Counsel for Plaintiff Kristina Thompson*     (efiling)

Justin W. Sanderson, Sr. (A747540)
c/o Lorain Correctional Institution
2075 Avon Belden Rd.
Grafton, Ohio 44044     (U.S. mail)

        /s/ James H. Gordon
        *Counsel for Defendants*