UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KRISTINA N. THOMPSON,

    Plaintiff,

vs.

VILLAGE OF PHILLIPSBURG, OHIO, *et al*.,

    Defendants.

Case No. 3:18-cv-214

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

# ORDER DENYING PLAINTIFF'S ORAL MOTION FOR AN ORDER DIRECTING DEFENDANT SANDERSON TO APPEAR AT A DEPOSITION ON OCTOBER 2, 2019

---

This civil case came before the Court for a discovery conference on September 30, 2019. Attorneys Ken Ignozzi, James Gordon, and Jeremy Kopp participated. Attorney Brad Anderson, who represents a plaintiff in a separate federal case against Defendant Justin W. Sanderson, Sr. ("Sanderson"), also participated with the Court's approval. *See Brickles v. Vill. of Phillipsburg, Ohio*, No. 3:18-CV-193, 2019 WL 4564743, at *1 (S.D. Ohio Sept. 20, 2019). Sanderson -- who is serving a 43-year term of imprisonment after being convicted a number of criminal offenses in the Montgomery County, Ohio Court of Common Pleas -- did not participate in the discovery conference, either on his own behalf or through counsel, and it is not clear from the docket whether he is now proceeding *pro se* in this matter.[1]

---

[1] Attorney M. Salman Shah entered his appearance on behalf of Defendant Sanderson on December 12, 2018. Doc. 15. Subsequently, Attorney Melvin J. Davis entered his appearance in this case on behalf of Sanderson, along with Attorney Shah, by filing an answer for Sanderson on January 29, 2019. *See* doc. 21. Subsequently, Attorney Davis moved to withdraw as Sanderson's attorney of record. Docs. 31. No motion to withdraw was filed on behalf of Attorney Shah, however. *See id*. Thereafter, the Court granted Attorney Davis's motion to withdraw. Doc. 37. Because Attorney Shah has not moved for and been granted leave to withdraw, however, he remains counsel of record for Sanderson in this case. Attorney Shah received notice of the discovery conference via the Court's CMECF filing system, but did not participate.

During the conference, counsel for Plaintiff advised the Court that Defendant Sanderson was noticed to appear for a deposition on October 2, 2019 at the Lorain Correctional Institution, where he is currently incarcerated. Counsel represents that officials at Lorain Correctional previously agreed to accommodate the taking of Sanderson's deposition at the correctional facility. However, counsel for Plaintiff more recently received a communication from an official at Lorain Correctional that Sanderson refuses to appear for his deposition and, as a result, officials at Lorain Correctional are no longer permitting counsel to enter the facility for Sanderson's deposition on October 2, 2019.

Accordingly, counsel appearing on the call requested that the Court enter an order directing Sanderson to appear on October 2, 2019 for a deposition. The Court, assuming that Sanderson's deposition was properly noticed, expressed its intent to grant such a request. Upon review of the docket, however, it is unclear whether the deposition was properly noticed.

Under Federal Rule 30, "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided by Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Leave of Court is required, however, where the deponent does not stipulate to the deposition and that deponent, as here, "is confined in a prison." Fed. R. Civ. P. 30(a)(2)(B). The record presently before the Court in this case does not reflect any stipulation or a motion requesting leave to take Defendant Sanderson's deposition on October 2, 2019.

In the absence of a stipulation or an order granting leave under Fed. R. Civ. P. 30(a)(2), the undersigned is not in a position at this time to order Sanderson to appear at a deposition on October 2, 2019. Certainly, any party may move for leave to take Sanderson's deposition, and the Court anticipates one or more counsel in this case filing such a motion soon. However, because Sanderson should be given an opportunity to respond to any such motion, a deposition occurring

on October 2, 2019 does not appear feasible absent a stipulation from Sanderson. As a result, the undersigned **DENIES** counsel's oral request for an order directing Sanderson to appear for a deposition on October 2, 2019.

**IT IS SO ORDERED.**

Date:   October 1, 2019                                          s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge