IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KRISTINA THOMPSON, | : | Case No. 3:18-cv-214 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| VILLAGE OF PHILLIPSBURG, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER OVERRULING OBJECTIONS (DOC. 62); ADOPTING REPORT AND RECOMMENDATIONS (DOC. 60); GRANTING IN PART, AND DENYING IN PART, THE MOTION TO DISMISS (DOC. 36); AND DISMISSING PLAINTIFF'S 42 USC § 1983 CLAIM AGAINST DEFENDANTS WYSONG AND PHILLIPSBURG, FOR FAILURE TO SUPERVISE, TRAIN, OR CONTROL**

This case is before the Court on the Objections to Magistrate Judge's Report and Recommendation (Doc. 62) filed by Defendants Village of Phillipsburg ("Village") and Chief of Police Mark Wysong ("Wysong" and, collectively, the "Village Defendants") to the Magistrate Judge's Report and Recommendation (Doc. 60) ("Report"). Plaintiff Kristina Thompson ("Thompson") filed a Memorandum in Opposition to the Defendants' Objections. (Doc. 64.)

In the Report, Magistrate Judge Michael J. Newman addressed the Village Defendants' "Motion to Dismiss Plaintiff Kristina Thompson's First Amended Complaint." (Doc. 36.) In the Report (after consideration of the motion, memorandum in opposition to the motion, and reply (Docs. 36, 41, 43)), Magistrate Judge Newman recommended that the Village Defendants' Motion to Dismiss (Doc. 36) be granted, in part, and denied in part. Specifically, he recommended that Thompson's 42 U.S.C. § 1983 claim against the Village Defendants, for a failure to supervise,

train, or control, be dismissed, but that the rest of the motion be denied. This matter is now ripe for review.

The motion addressed in the Report was a dispositive motion, with respect to at least one claim against at least one party. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Therefore, with respect to any part of the Report that has been properly objected to by a party, the Court must determine, *de novo*, those parts. *Id*. The Court has made that determination and a *de novo* review of the record in this case.

The Village Defendants object to two parts of the Report. (Doc. 62.) First, the Village Defendants argue that the Report misapplies U.S. Supreme Court precedent when analyzing the plausibility of the First Amended Complaint's inadequate screening claims. (*Id.* at PAGEID # 386-389.) The Court, however, agrees with Magistrate Judge Newman's analysis in the Report. The Court disagrees with the Village Defendants' assertion that the Report "misapplies *Brown* and its progeny" (Doc. 62 at PAGEID # 389). (*See* Doc. 60 at PAGEID # 374-77.)

Second, the Village Defendants argue that Thompson did not assert state law claims for negligent hiring, training, or supervision in her First Amended Complaint. (Doc. 62 at PAGEID # 389-91.) They take issue with the Report's finding that "Plaintiff's state law claims against Wysong should … not be subject to Rule 12(b) dismissal." (Doc. 60 at PAGEID # 381.)

With respect to the Village Defendant's argument that Thompson "unequivocally withdrew and/or abandoned her state law claims for negligent hiring and supervision" (Doc. 62 at PAGEID # 390), the Court notes that Thompson filed a Motion for Leave to File an Amended Complaint that attached a copy of the proposed Amended Complaint. (Docs. 20 and 20-1.) The Village Defendants then filed a notice of <u>non</u>-opposition to that motion for leave (Doc. 29), and the Magistrate Judge granted that motion for leave by Notation Order. Thompson then filed her

2

proposed Amended Complaint (i.e., becoming the First Amended Complaint) (Doc. 35), and the Village Defendants then filed their Motion to Dismiss regarding that First Amended Complaint (Doc. 36). The Court does not agree with the Village Defendant's argument that Thompson withdrew or abandoned any state law claims that were set forth in the attached copy of the proposed Amended Complaint (Docs. 20-1) and the First Amended Complaint (Doc. 35). (*See, e.g.,* Doc. 20-1 at PAGEID # 151 *and* Doc. 35 at PAGEID # 229 (both including allegation that "Defendants Chief Wysong, Sanderson and the Village of Phillipsburg <u>negligently</u>, maliciously, <u>recklessly</u>, <u>and/or</u> willfully breached that duty ….") (emphasis added).)

Furthermore, the Village Defendants' objections are focused on alleged "negligent" hiring, training, or supervision within the Second Cause of Action in the First Amended Complaint. They assert that the Report "finds that Plaintiff's claims for negligent hiring and supervision survive Defendants' motion to dismiss." (Doc. 62 at PAGEID # 390.) The Report—which this Court adopts—expressly states:

> It is well settled that officials are entitled to immunity from claims of <u>negligent</u> hiring and training because the defense under Ohio Rev. Code § 2744.03(A)(5) applies. Immunity does not apply, however, where the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. To the extent Plaintiff alleges that Wysong's conduct in hiring, training, and supervising Sanderson rose to <u>reckless</u> conduct, Defendant is not entitled to immunity.

(Doc. 60 at PAGEID # 380 (emphasis added) (internal citations and quotation marks omitted).) Therefore, much of the Village Defendant's argument is moot; the Report shows that, to the extent the Second Cause of Action against Wysong in the First Amended Complaint is based on <u>negligent</u> conduct, Wysong is immune, but he is not immune to the extent that cause of action is based on <u>reckless</u> conduct. The Court agrees with Magistrate Judge Newman's analysis in his Report and overrules the Village Defendants' objections.

3

Therefore, the Court finds that the Objections to the Report are not well-taken and are hereby **OVERRULED**. The Court **ADOPTS** the Report (Doc. 60) in its entirety and rules as follows:

1. Defendants Village of Phillipsburg and Chief of Police Mark Wysong's Motion to Dismiss Plaintiff Kristina Thompson's First Amended Complaint (Doc. 36) is **DENIED IN PART AND GRANTED IN PART**;

2. Plaintiff Kristina Thompson's 42 U.S.C. § 1983 claim against Defendants Village of Phillipsburg and Chief of Police Mark Wysong, for a failure to supervise, train, or control, is **DISMISSED**; and,

3. This case will continue on the remaining claims in the First Amended Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 13, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE